IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACCOR NORTH AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | |
| ADERSON GONZALEZ, | : | CIVIL ACTION |
| Defendant, | : | No. 08-5304 |
| v. | : | |
| ACCOR NORTH AMERICA, SYLVAIN HARRIBEY and NICHOLAS PESTY, | : | |
| Counterclaim Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                      **DECEMBER 23, 2008**

      Presently before the Court is Defendant Aderson Gonzalez's ("Gonzalez") Motion for Costs Incurred. For the reasons set forth below, Gonzalez's Motion will be denied.

**I.   FACTS**

      On September 18, 2008, Plaintiff Accor North America ("Accor") filed an "equity action" against Gonzalez in the Court of Common Pleas, Philadelphia County, Pennsylvania. (Def.'s Mot. Costs 1.) On October 9, 2008, Gonzalez filed counterclaims in state court against Accor, Sylvain Harribey and Nicholas Pesty (collectively "Counterdefendants") alleging the following: (1) misuse of process, (2) breach of contract, (3) retaliation and (4) infliction of emotional distress. (Def.'s Mot. Costs 2.) On the following day, Gonzalez filed a Complaint in the Eastern District of Pennsylvania, No. 08-4865, against Sofitel Philadelphia, Sofitel's Human Resources Manager, Melissa Kerchner, and Counterdefendants, alleging civil rights violations pursuant to

Section 1981, the Americans with Disabilities Act, Title VII, the Pennsylvania Human Relations Act and "Supplemental State Claims." (Pl.'s Resp. Def.'s Mot. Costs 3.)

Counterdefendants allege that "[a]s early as September, counsel for Gonzalez asked if counsel for Plaintiff/Counterclaim Defendants would agree to remove the state court action." (Id. at 3-4.) Counterdefendants further allege that "at the parties' court-mandated settlement conference on November 3, 2008, counsel for Gonzalez again engaged in a discussion as to whether Gonzalez should remove the case." (Id. at 4.)

On November 7, 2008, Counterdefendants filed a Notice of Removal of their state court Complaint from the Philadelphia Court of Common Pleas to the U.S. District Court for the Eastern District of Pennsylvania. On November 17, 2008, Counterdefendants filed an uncontested Motion to Withdraw their Notice of Removal. On November 20, 2008, this Court granted Counterdefendants' Motion and remanded the case to the Court of Common Pleas. On November 24, 2008, Gonzalez filed a Motion for Costs Incurred, requesting an award of attorney's fees in the amount of $1,500 "to defray his costs related to counterdefendant's notice of removal pursuant to 28 U.S.C. 1441(c)." (Def.'s Mot. Costs 4.)

**II.   DISCUSSION**

Procedure after removal is governed by 28 U.S.C. § 1447(c), which states in pertinent part: "An order remanding the case *may require* payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added). In Mints v. Educ. Testing Serv., the Third Circuit stated:

> [T]hough we acknowledge that sometimes language such as "may require" can be deemed mandatory, we find that this is not such a situation. In fact, we think that Congress used the "may require" language not to direct that an order for payment

> of costs and fees must be made, if at all, in the order of remand, but to make clear that the district court has discretion whether to order such payment. Our conclusion is supported by the courts' recognition that when remanding a case they are not required to order the payment of costs and fees.

99 F.3d 1253, 1259 (3d Cir. 1996) (internal citations omitted); see also Moore v. Permanente Med. Group, 981 F.2d 443, 447 (9th Cir. 1992) (noting "wide discretion provided the district court by section 1447(c)").

The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see also Saterstad v. Stover, 249 Fed. Appx. 955, 956 (3d Cir. 2007) (finding "[d]efendants had an objectively reasonable basis pursuant to section 1441(b) for removing the case to federal court").

However, "removal is not objectively unreasonable solely because the removing party's arguments lack merit." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . ." Martin, 546 U.S. at 140. While the assertions set forth in Counterdefendants' Notice of Removal may have been meritless, this Court cannot say, in light of the alleged communications between the parties, that the removal conclusively "lacked an objectively reasonable basis." As such, this Court shall exercise its discretion to deny Gonzalez's request for attorney's fees and costs.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACCOR NORTH AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | |
| ADERSON GONZALEZ, | : | CIVIL ACTION |
| Defendant, | : | No. 08-5304 |
| v. | : | |
| ACCOR NORTH AMERICA, SYLVAIN HARRIBEY and NICHOLAS PESTY, | : | |
| Counterclaim Defendants. | : | |

## ORDER

**AND NOW**, this   23rd   day of December, 2008, upon consideration of Defendant's Motion for Costs Incurred (Doc. No. 9), it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE

4